IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

IN RE:                                  }
                                        }
LACOREY SHI-RON WILSON                  }       Case No. 21-40203-JJR13
NICOLE LYNN WILSON,                     }
                                        }
    Debtors.                            }

## ORDER DENYING CONFIRMATION AND NOTICE OF CONTINUED HEARING

This case came before the court on June 10, 2021, for a hearing on confirmation of the Debtors' amended chapter 13 plan (Doc. 43), the Chapter 13 Trustee's Motion to Dismiss and Objection to Confirmation (Doc. 31), and the Objection to Confirmation filed by Priority One Mortgage Corporation (Doc. 33). Appearances were made by Bethany Cobb Courville, attorney for the Debtors; Linda Baker Gore, Chapter 13 Trustee; and Enslen Crowe, attorney for Priority One Mortgage.

In July 2013, the Debtors made a mortgage in favor of Priority One to secure a loan in the original amount of $117,900.00. The mortgage encumbered their homestead and had a 10-year term that will mature on July 5, 2023, with a balloon payment then due of approximately $103,000.00. (Claim 4.)[1] The Debtors' plan proposes to pay the mortgage debt by maintaining the contractual monthly payments (including escrow) of $1,004.76 each, while paying the prepetition

---

[1] Priority One's claim is in the amount of $117,715.66. The value of the Debtors' home, also occupied by their two sons, is $83,700 according to the county appraisal (Doc. 8). In Schedule J (Doc. 1, p. 31) the Debtors stated they expected their expenses to increase because "heating and cooling pump needs repairs and baseboard in house must be replaced due to water damage." If the appraisal and the Debtors' statement of needed repairs are accurate, Priority One is substantially under-secured. Thus, giving the Debtors an opportunity to refinance their mortgage in two years, assuming they pay the arrears and make the on-going installments in the meanwhile, might make economic sense for Priority One, and would also allow the Debtors an opportunity to retain their family home. But as concluded herein, that opportunity is contingent on Priority One's voluntary acceptance of the Debtors' proposed plan.

arrears of $9,689.64 in monthly payments of $345.88 each. If the monthly payments are timely made the arrears will be satisfied by July 5, 2023, at which time the plan provides that the Debtors must pay the balloon payment of the entire mortgage balance, apparently through refinancing with a hoped-for-third-party-lender, and if the balloon payment is not made, the plan provides the stay will terminate and Priority One may proceed to exercise its remedies, including foreclosure. The on-going contractual installments and monthly payments on the arrears are to be paid through the trustee.

The Debtors' prior chapter 13 case was dismissed with a bar on refiling, although the bar had expired when the instant case was filed. Priority One argued that it is at risk due to the Debtors' history of payment delinquencies including while they were in a previous chapter 13 case, and that it is statutorily entitled to have its secured claim paid in full over the life of the plan, or to the surrender of the mortgaged property.

The dispute here is controlled by § 1325(a)(5)(B)(iii)(I) of the Bankruptcy Code (the "Code"), which provides, in pertinent part and sans punctuation, that the court shall confirm a plan that proposes to pay a secured claim—assuming the secured creditor does not accept the plan— only if "the plan provides that . . . the value [of periodic payments] distributed under the plan on account of such claim is not less than the allowed amount of such claim; and . . . such payments shall be in *equal monthly amounts* . . .." (emphasis added). In other words, in less stilted language, the monthly payments must each be in the same amount and must be sufficient to pay the claim in full during the term of the plan, with interest sufficient to maintain the claim's present value.[2]

---

[2] Essentially, Code § 1325(a)(5) pertains to so called "short-term" secured claims—claims that, according to their contractual terms, mature before the end of a plan's commitment period. Code § 1322(b)(5) allows debtors to pay arrears on long-term claims—those maturing after the plan's commitment period—during the term of the plan while continuing to pay on-going contractual installments. Plans usually do not provide for the full payment of such long-term

Unfortunately for the Debtors, Code § 1325(a)(5)(B)(iii)(I) is not satisfied by their attempt to treat Priority One's short-term secured claim as though it were long-term. The court finds that the balloon payment that must be paid by July 4, 2023 is the last in the series of periodic payments on the mortgage claim. Because that final payment is in an amount that differs (vastly) from the periodic payments that will precede it for every month from confirmation through July 4, 2023, the plan does not propose periodic payments in equal monthly amounts as required by the Code. Therefore, the plan cannot be confirmed over Priority One's objection. *See In re Kirk*, 465 B.R. 300, 308 (Bankr. N.D. Ala. 2012) ("[T]he Court cannot confirm a chapter 13 plan unless the plan provides that the trustee will pay equal monthly payments on allowed secured claims, thereby satisfying § 1325(a)(5)(B)(iii), beginning with the initial post-confirmation distribution and continuing in the same amount each month until those secured claims are paid in full."); *see also In re Shumbera*, 2020 WL 7183540 (Bankr. M.D. Fla. 2020) (examining cases and rationale supporting the court's decision to treat a balloon payment as the final periodic payment in the series of plan payments and rejecting one court's rationale that a balloon payment was not a periodic payment). Simply stated, the Debtor's attempt to utilize the cure-and-maintain procedure for a short-term mortgage debt, and then hopefully deal with the balloon at maturity during the plan life, cannot be confirmed over Priority One's objection.

Accordingly, it is ORDERED that confirmation of the Debtors' Amended Plan (Doc. 43) is DENIED and Priority One's Objection (Doc. 33) is SUSTAINED. The court is not ruling on the

---

claims. Most long-term secured claims are home mortgages, but some short-term secured claims, like the one here, may also be home mortgages that contractually do not fully amortize before maturity, but instead "balloon" with a significant principal payment due at maturity. Unlike short-term secured claims, long-term secured claims are not discharged at the end of a successful plan, and the liens for such claims survive the plan, because they are not fully paid through the plan. Code §§ 1322(b)(5), 1325(a)(5)(B)(i)(I), 1328(a)(1).

Trustee's Motion to Dismiss and Objection to Confirmation (Doc. 31) at this time. Confirmation and the Trustee's Motion and Objection are continued to July 15, 2021 at 9:30 a.m. under the court's telephonic hearing procedures.

So ordered this 15th day of June 2021.

/s/ James J. Robinson
JAMES J. ROBINSON
CHIEF U.S. BANKRUPTCY JUDGE